# CARLOS CABRERA, Plff.,

*v.*

# SAN JUAN LIGHT & TRANSIT COMPANY, Dft.

San Juan, Law, No. 476.

1. If the court is convinced that the verdict is contrary to the weight of the evidence, although there may have been some conflict of testimony, it is his duty to set it aside.
2. When the evidence is such that the jury, on the questions of negligence and contributory negligence, could well have found either way, the court will not set aside the verdict and grant a new trial.

Order filed November 25, 1907.

*Mr. Francis H. Dexter,* attorney for plaintiff.

*Mr. Henry F. Hord,* attorney for defendant.

Order by RODEY, Judge:

The issue before us in this cause at the present time is on a motion for a new trial. The verdict of the jury was for the defendant. Counsel for plaintiff, in addition to having tried his case in the first instance with a great deal of care, has, we must admit, gone to great pains in gathering together the decisions governing courts with reference to new trials. Realizing that it would not be fair to him unless proper consideration

Cabrera v. San Juan Light & T. Co.

was given his views, we have followed his brief from beginning to end and have read most of the cases he refers to in full. Counsel for defendant does not go into the question very extensively, but, in a general way, points out to us many cases setting forth the general rule that, where the evidence is conflicting in a substantial sense, the verdict will not be disturbed.

From this fresh examination of the authorities as to the right of a court to set aside a verdict and grant a new trial, we are free to confess that the law, as pointed out by counsel for plaintiff in this cause, is as stated in Dickey v. Davis, 39 Cal. 565, that "where a case is tried by a jury, if the judge is not satisfied with the verdict, and is convinced that it is clearly against the weight of the evidence, it is his duty to set it aside, even though there may have been some conflict in the testimony." But we do not think that the case at bar comes within the rule laid down in that case or in any of the cases cited by counsel for the plaintiff here. The facts of this case are fresh in our mind, as we tried it less than ten days ago. To our mind, the case was tried unusually well upon both sides, and we do not think that the counsel or the court committed any error in the conduct of it, and in fact, counsel for plaintiff, in his motion, does not seriously present any error of law as having been committed by the courts in the conduct of the trial. The evidence which counsel for plaintiff maintains was improperly admitted, as to experiments with two other automobiles, claimed to have been placed in the same position a few days later, and of those who so placed them, as to the possibility of seeing the danger in time to stop the trolley car, was, on the whole, we think, properly admitted, and none of the cases cited to show that it was otherwise are in point.

To the mind of the court, the proximate cause of this par-

ticular accident, on the evidence, was a question extremely hard to determine, and was a question strictly for a jury. Let it be admitted that the evidence showed that the trolley car was run at an unwonted and illegal rate of speed; yet it is unquestionably in evidence that plaintiff's automobile was stalled on the trolley track, with its head lights opposite to the direction from which the trolley car was coming, and, at the same moment, another automobile was standing, with its head lights in the opposite direction, towards the trolley car, and close to the car track. There was plenty of evidence tending to show that the head lights of this other automobile, shining out in front towards the trolley car, tended to obscure the red light on the rear of plaintiff's automobile, and the natural inference would be that this would prevent the motorman from seeing the obstruction of plaintiff's automobile on the track, and, believing it clear, would take no steps to stop the car, and could not have stopped, probably, although his car might have been under complete control, as he could not see the obstruction until he was directly upon it. It must not be forgotten in this regard that a trolley car, while it must be under control, is always permitted to have the ordinary speed of a trolley car, and it cannot stop in 20 or 30 feet on all occasions. It is manifest that the jury may have thought this must have been so, because the motorman was injured at the time of the collision by reason of the tonneau top of the auto striking him in the breast as he stood with his hand on the brake of the trolley car. Now it may have well been that the jury found that plaintiff was negligent, when this condition of things was made manifest to him, in not at once running up the track far enough to stop the trolley car, no matter what its speed or condition of repair should be as it came along. If they believed, as they certainly had a right to,

Cabrera v. San Juan Light & T. Co.

that the plaintiff did not do this soon enough or did not run up the track far enough, then they well could have believed that he himself was guilty of the particular contributory negligence that was in fact the proximate cause of the injury, and it would follow that, if this is true, the defendant would have equal right to an action against the plaintiff for damage to its trolley car; and, if the motorman had been injured severely enough to warrant it, he would also be entitled to an action for the injury to himself. There was plenty of evidence from which the fact of this negligence could have been found by the jury, and, if they so found it, as they probably did, then there was in fact no cause of action against the defendant.

We have no hesitation in saying that this cause was ably and fairly tried and fairly presented to the jury by the court, and the evidence is in fact so conflicting that the court itself, were it sitting as a jury in the case, would hardly know how to decide it. We therefore do not feel authorized in disturbing the verdict, and the motion for a new trial will be overruled, and it is so ordered.